UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CR91 |
|  | ) |  |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | OPINION AND ORDER |
|  | ) |  |
| JOSE MIGUEL CARDENAS, | ) |  |
|  | ) |  |
|  | ) |  |
| DEFENDANT. | ) |  |

This matter is presently before the Court on defendant Jose Cardenas's motion to dismiss on speedy trial grounds. (Doc. No. 459.) The government has filed a response, wherein it asks that the motion be denied on the merits. (Doc. No. 465.)

On September 8, 2010, federal agents executed a search warrant on the home of defendant Cardenas. Defendant remained at the home during the search and, once the search concluded, was transported to a police station for photographing and fingerprinting, after which he was released. No charges were issued against defendant on September 8, 2010.

The indictment in this case was filed March 8, 2011. (Doc. No. 1.) Defendant maintains that he was arrested September 8, 2010, for the offenses charged in the indictment and that the six-month gap between his alleged arrest and indictment violates the Speedy Trial Act, 18 U.S.C. § 3161(b). Section 3161(b) provides in relevant part that "[a]ny information or indictment charging an individual with the commission of

an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

The Sixth Circuit Court of Appeals has made a clear distinction between the "ordinary, and constitutional" definition of "arrest" and the definition of "arrest" for purposes of applying the Speedy Trial Act. *U.S. v. Graef*, 31 F.3d 362, 363–64 (6th Cir. 1994). In the context of § 3161(b), the "arrest 'trigger' applies only to arrests made either on a complaint or which were immediately followed by a complaint."[1] *Id.* at 364.  *See also U.S. v. Salgado*, 250 F.3d 438, 454 (6th Cir. 2001) ("A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending, that is, when a formal complaint or charge is issued."); *U.S. v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989), *cert. denied*, 493 U.S. 859 (1989) ("An 'arrest' [for purposes of the Speedy Trial Act] refers to the point at which a defendant is charged with the crime; therefore, a defendant is not 'arrested' until a formal complaint or formal charge is issued.").

Defendant cites *U.S. v. Osunde*, 638 F. Supp. 171 (N.D. Cal. 1986), for the proposition that the 30-day limitation period of § 3161(b) begins to run from the date a defendant is first arrested, with or without charges. But *Osunde* is inapposite. In that case, defendant Osunde was held in continuous federal custody without charge beginning on the date of his arrest. *Id.* at 173. He was not indicted until 118 days after that arrest. *Id.* Moreover, the Ninth Circuit Court of Appeals has since explicitly adopted the same position as the Sixth Circuit, namely, that "a complaint must be issued at the time of

---

[1] In *U.S. v. Garcia-Echaverria*, the Sixth Circuit noted that it may become necessary to create an exception to the criminal complaint trigger rule in "situations where there is evidence that collusion between deportation and prosecution authorities led to a delay in filing formal charges and a simultaneous period of prolonged detention." 374 F.3d 440, 452 n.15 (6th Cir. 2004). But no such exception has yet been announced and, regardless, would not apply in this case.

arrest in order to trigger the [§ 3161(b)] 30-day limitation." *U.S. v. Boyd*, 214 F.3d 1052, 1056 (9th Cir. 2000).

Defendant offers no evidence that he was arrested on September 8, 2010. But even if evidence were offered to show that the events of September 8, 2010, constituted an arrest in the "ordinary" sense of the term, no formal complaint or charge was issued at that time.[2] An arrest for purposes of applying the Speedy Trial Act, therefore, did not occur, and the 30-day limitation found in § 3161(b) was not triggered.

For the reasons set forth above, defendant's motion to dismiss on speedy trial grounds (Doc. No. 459) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 8, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Defendant also asserts that he received numerous "summons" between September 8, 2010, and his indictment on March 8, 2011 (Doc. No. 459), yet no evidence has been produced indicating that any such summonses were ever issued, nor is there any such indication on the docket.