## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:11CR91 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| | ) | |
| JOSE MIGUEL CARDENAS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Jose Miguel Cardenas to dismiss the indictment for failure to state an offense. (Doc. No. 466.) The government opposes the motion. (Doc. No. 476.) For the reasons set forth below, the defendant's motion is DENIED.

The defendant was one of twenty-eight individuals indicted on charges of conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and punishable under 21 U.S.C. § 841. Count 1 of the indictment provides, in part:

> Beginning at least as early as January 1, 2008 and continuing through at least September 8, 2010, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, FRANCISCO FELIX-FELIX, aka "Big G," aka "Jose Gonzalez;" RICARDO APODACA; JOSE MIGUEL CARDENAS [and others identified] did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown to the Grand Jury, to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, and to manufacture, distribute and possess

>with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

With respect to the manner and means used to implement the conspiracy, the indictment alleges that:

>It was part of the conspiracy that FRANCISCO FELIX-FELIX, RICARDO APODACA, JOSE MIGUEL CARDENAS, AND CARLOS FELIX, and other co-conspirators acting in concert with FRANCISCO FELX-FELIX, RICARDO APODACA, JOSE MIGUEL CARDENAS and CARLOS FELIX, to include OSCAR BATRES JR. and EXIQUIO FELIX-BELTRAN, would arrange for or otherwise cause multiple kilogram shipments of cocaine to be transported to locations within the Northern District of Ohio, Eastern Division, which the co-conspirators controlled, to include a residence at 207 Plymouth Road, in Eastlake, Ohio. FRANCISCO FELIX-FELIX, RICARDO APODACA, JOSE MIGUEL CARDENAS and CARLOS FELIX would then deliver or arrange for other co-conspirators to deliver kilograms of cocaine to Shawn Decola, a co-conspirator not named herein as a defendant, at his residence in Ashtabula, Ohio. FRANCISCO FELIX-FELIX, RICARDO APODACA, JOSE MIGUEL CARDENAS, CARLOS FELIX, OSCAR BATREES, JR, and EXIQUIO FELIX-BELTRAN would periodically travel to Shawn Decola's residence in Ashtabula, Ohio, in order to receive payment for the cocaine. Said payments would consist of large sums of U.S. currency. The co-conspirators would often transport the U.S. currency provided by Shawn Decola, and the cocaine delivered to Shawn Decola, in vehicles outfitted with hidden compartments designed to conceal the money and cocaine.

(Doc. No. 1, Indictment at ¶ A.) The indictment further identifies 10 overt acts the defendant is alleged to have taken in furtherance of the conspiracy.

The defendant challenges the sufficiency of the indictment, complaining that it fails to adequately allege any element of conspiracy. Specifically, he maintains that the indictment merely sets forth a buyer-seller relationship between the defendant and his co-defendants, and, therefore, fails to state the offense of conspiracy.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an

indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged [….]" Fed. R. Crim. P. 7(c)(1). *See United States v. Blandford*, 33 F.3d 685, 704 (6th Cir. 1994) (quoting *United States v. Piccolo*, 723 F.2d 1234, 1238 (6th Cir. 1983) (en banc) (The Sixth Amendment requires an indictment to "inform the defendant of 'the nature and cause of the accusation.'")).

"An indictment is generally sufficient if it 'fully, directly, and expressly […] set[s] forth all the elements to constitute the offense intended to be punished.'" *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (quoting *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir. 2005)). "In particular, the indictment must: (1) 'set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,]' and (2) 'be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.'" *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (quoting *Douglas*, 398 F.3d at 411); *see United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992). ("An indictment usually will be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense.") "However, the recitation of statutory language 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged.'" *McAuliffe,* 490 F.3d at 531 (quoting *Superior Growers Supply*, 982 F.2d at 176) (internal citation omitted). Furthermore, "[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *Superior Growers*

*Supply*, 982 F.2d at 177. But, in "an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." [1] *Id.* at 176.

As previously observed, the indictment charges the defendant with conspiracy to distribute and to possess cocaine. "In order to show a conspiracy under [21 U.S.C.] § 846, the government must prove, beyond a reasonable doubt: '(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy.'" *United States v. Gibbs*, 182 F.3d 408, 420 (6th Cir. 1999) (quoting United States v. Welch, 97 F.3d 142, 148 (6th Cir. 1996)); *see United States v. Berry*, 290 Fed. Appx. 784, 787 (6th Cir. 2008); *United States v. Taylor*, 248 F.3d 506, 515 (6th Cir. 2001)).

Count 1 of the indictment tracks the statutory language, which sets forth all of the elements of the offense of conspiracy to distribute drugs. It further provides both a general start date and end date for the conspiracy, as well as specific locations for various aspects of the conspiracy. Furthermore, it alleges specific facts which, if proved, would establish a prima facie case for the defendant's commission of the crime of conspiracy. In particular, it provides that the defendant, along with other named co-conspirators "would arrange for or otherwise cause multiple kilogram shipments of cocaine to be transported to locations within the Northern District of Ohio […] JOSE

---

[1] In addition, the indictment is to be read as a whole, accepting all factual allegations as true, "and construing those allegations in a practical sense with all the necessary implications. *McAuliffe*, 490 F.3d at 531 (citing *United States v. Reed*, 77 F.3d 139, 140 n.1 (6th Cir. 1996) (en banc)). "An indictment is to be construed liberally in favor of its sufficiency." *Id.* (citing *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2002)).

MIGUEL CARDENAS [and others] would then deliver or arrange for other co-conspirators to deliver kilograms of cocaine to Shawn Decola [… and further] would periodically travel to Shawn Decola's residence in Ashtabula, Ohio, in order to receive payment for the cocaine." (Indictment at ¶ A.)

This information, alone, is sufficient to inform the defendant of the charges against which he has to defend and enable him to avoid being twice prosecuted for the same offense. *See United States v. Montgomery*, 358 Fed. Appx. 622, 627 (6th Cir. 2009), cert. denied, 130 S.Ct. 2122 (2010) (indictment setting forth elements of conspiracy sufficient under Rule 7(c)); *United States v. Thomas*, 348 F.3d 78, 84 (5th Cir. 2003) (same); *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001) (same); *see also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001) ("It is sufficient if [an indictment] alleges conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly violated.") The indictment goes on, however, to identify 10 overt acts to which the defendant is alleged to have taken in furtherance of the conspiracy. Considered in its entirety, the Court finds that the indictment contains sufficient facts and circumstances to inform the defendant of the specific offense to which he is charged, and is, therefore, more than sufficient to withstand a motion to dismiss for failure to state an offense.

Nonetheless, without any support, the defendant argues that dismissal is necessary because the indictment merely alleges a buyer-seller relationship. The buyer-seller defense is based on the premise that "while the illegal sale of narcotics is a substantive crime requiring an agreement by two or more persons, 'the sale agreement itself cannot be the conspiracy [to distribute], for it has no separate criminal object.'"

5

*United States v. Hawkins*, 547 F.3d 66, 71 (2d Cir. 2008) (internal citations omitted). *See Berry*, 290 Fed. Appx. at 787. It is the defendant's position that because the indictment does not negate this possible defense, it is fatally flawed.

The defendant offers no authority for the proposition that the availability of a particular defense can invalidate an otherwise sufficient indictment. Indeed, it is well-settled that "[a]n indictment or information need not negate matters that go only to a defense." 1 Wright and Leipold, Federal Practice and Procedure § 125 at 553 (4th ed. 2008). As the government properly observes, the Sixth Circuit has explained that "[w]hile an indictment must satisfy […] notice-related requirements, '[i]t has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses.'" *United States v. Titerington*, 374 F.3d 453, 456 (6th Cir. 2004) (quoting *United States v. Sisson*, 399 U.S. 267, 288 (1970)). The fact that each and every case cited by the defendant, all out of the Seventh Circuit, relates to whether the government had presented sufficient evidence of a conspiracy at trial to overcome the buyer-seller defense merely serves to underscore the fact that the defendant's argument is improperly raised in a motion to dismiss the indictment. *See United States v. Rivera*, 273 F.3d 751, 755-56 (7th Cir. 2001) (Relying on the buyer-seller defense, the court found that there was insufficient evidence offered at trial to support a conspiracy conviction.); *United States v. Torres-Rameriz*, 213 F.3d 978, 982 (7th Cir. 2000) (sane); *United States v. Meyer*, 157 F.3d 1067, 1075 (7th Cir. 1998) (evidence offered at trial sufficient to warrant buyer-seller defense instruction); *United States v. Thomas*, 150 F.3d 743 (7th Cir. 1998) (same).

While the defendant remains free to raise the buyer-seller defense at trial, the Court cautions that "[i]n the Sixth Circuit, the buyer-seller defense to a conspiracy

6

charge is very limited." *United States v. Sledge*, 2000 U.S. App. LEXIS 4975 (6th Cir. 2000) (citing *United States v. Renfro*, 620 F.2d 569, 575 n.5 (6th Cir. 1980) (finding the buyer-seller analysis applicable only where there are two participants in the conspiracy and there is little or no knowledge of the scope of the conspiracy)). *See United States v. Hamilton*, 689 F.2d 1262, 1272 (6th Cir. 1982) (limiting applicability of buyer-seller defense to circumstances (1) where the buyer and seller are the sole participants in the conspiracy or (2) where the buyer is a minor figure in a complex conspiracy); *see also Taylor*, 248 F.3d at 515 (applying *Hamilton's* limitations on applicability of buyer-seller defense to find evidence sufficient to permit a rational trier of fact to find proof beyond a reasonable doubt that the defendant was guilty of conspiracy). Indeed, "[w]hile a buyer-seller relationship, on its own, is not enough to establish a conspiracy, 'evidence of repeat purchases provides evidence of more than a mere buyer-seller relationship.'" *Berry*, 290 Fed. Appx. at 787 (quoting *United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003)). The government has alleged that the defendant participated, as part of an over-all conspiracy, in multiple, large-scale drug sales. Consequently, it remains to be seen whether such a defense will find applicability at trial.

The Court offers one final note of caution. The present motion marks the second consecutive filing by the defendant that finds no support in law or fact, and contains numerous misleading case citations.[2] The Court is always willing to address

---

[2] For example, on page 6 of the motion, the defendant complains that the "Manner and Means" portion of the indictment merely alleges a buyer-seller relationship. He goes on to conclude "[a]s such, the Indictment fails to state an offense. U.S. Rivera[,] 273 F.3d 751 (7th Cir. 2001) (Mere buyer/seller relationship was not a conspiracy)." (Mot. at 6.) *Rivera* was limited to an analysis of the sufficiency of evidence offered at trial and did not, however, even address the sufficiency of the indictment, and certainly does not stand for the proposition for which it was cited.

timely motions that have arguable merit, but it will not tolerate any further frivolous filings. The Court will consider any and all appropriate sanctions, beyond the mere denial of any baseless motions, should this practice continue.

For all of the foregoing reasons, the defendant's motion to dismiss the indictment is DENIED.

**IT IS SO ORDERED**.

Dated: September 15, 2011

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**